IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DONALD ELLIS,** <br><br>       Plaintiff, <br><br> v. <br><br> **PALISADES ACQUISITION XVI LLC,** <br> 210 Sylvan Avenue <br> Englewood Cliffs, NJ 07632 <br><br> <u>Serve on:</u> <br> CSC-Lawyers Incorporating Service Co. <br> 7 St. Paul Street, Suite 820 <br> Baltimore, MD 21202 <br><br> **and** <br><br> **PROTAS, SPIVOK & COLLINS, LLC** <br> 1330 East West Highway, Suite 900 <br> Bethesda, MD 20814 <br><br> <u>Serve on:</u> <br> Jordan Marvin Spivok <br> 1330 East West Highway, Suite 900 <br> Bethesda, MD 20814 <br><br>       **Defendants** | Civil Action No. 1:18-cv-3931 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1.  This is an action for damages brought by an individual consumer, Donald Ellis against the Defendants Palisades Acquisition LLC and Protas, Spivok & Collins, LLC., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA") and state law.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k, and 28 U.S.C. § 1331.

3.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Donald Ellis is an adult individual who resides in Hagerstown, MD.

5. Defendant Defendants Palisades Acquisition LLC, (hereafter "Palisades") is a business entity that regularly conducts business in the District of Maryland. It has a headquarters located at 210 Sylvan Ave # 1, Englewood Cliffs, NJ 07632. The principal purpose of Palisades is the collection of debts already in default using the mail and telephone. Palisades regularly attempts to collect said debts and is licensed as a collection agency in Maryland.

6. Defendant Protas, Spivok & Collins, LLC., (hereafter "Protas") is a business entity that regularly conducts business in the District of Maryland. It has a headquarters located at 4330 East West Highway #900, Bethesda, MD 20814. The principal purpose of Protas is the collection of debts already in default using the mail and telephone. Protas regularly attempts to collect said debts and is licensed as a collection agency in Maryland.

## STATEMENT OF FACTS

7. At all pertinent times hereto, Defendants were hired to collect a debt originally owed to Providian Bank (hereinafter the "Debt").

8. The Debt arose out of credit card transactions which were primarily for personal, family or household purposes.

9. By way of background, in 2005, Palisades retained Protas, a law firm, and Defendants filed suit in District Court of Maryland for Washington County against Plaintiff in its attempt to collect the Debt (hereinafter "State Court Case"), for which a judgment was entered in 2005.

10. In or around September of 2011, Plaintiff paid the Debt in full. *See* Exhibit A, September 16, 2011 Letter.

11. Despite Plaintiff paying the debt in full, Defendants failed to file a satisfaction in the State Court Case.

12. In or around December 2017, Defendants began unlawfully garnishing Plaintiff's wages in an attempt to collect the Debt that Plaintiff had previously paid in full.

13. In or around December 2017, Defendants began unlawfully levying Plaintiff's bank account in an attempt to collect the Debt that Plaintiff had previously paid in full.

14. Defendants' wrongful garnishment and levying continued up through the date of this filing.

15. In connection with its wrongful wage garnishment and wrongful bank levy, Protas filed for a writ of execution against Plaintiff's bank and his employer, and served those writs on Plaintiff, Plaintiff's bank, and Plaintiff's employer ("Writs").

16. As a result of Palisades' and Protas' actions, Plaitiff's wages were garnished.

17. As a result of Palisades' and Protas' actions, Plaintiff's bank account was frozen, and Plaintiff was unable to access his funds.

18. Palisades and Protas knew that their actions would result in debt collection it was not authorized to make.

19. Despite that knowledge, Palisades and Protas went forward with seeking and obtaining the Writs, had Plaintiff's bank account frozen, and had Plaintiff's wages garnished.

20. Defendants' knew or should have known that their actions violated the FDCPA, and state law.

21. Additionally, they could have taken the steps necessary to bring their agent's actions within compliance of the law, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

22. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of loss of access to his funds, lost wages, and emotional distress, including humiliation, embarrassment, stress, anxiety, and loss of sleep.

23. At all times pertinent hereto, Defendants' were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants' herein.

24. At all times pertinent hereto, the conduct of the Defendants', as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### COUNT ONE
### VIOLATIONS OF THE FDCPA

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. Defendants' were "debt collector[s]" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

29. Defendants' violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(b), 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), 1692f and 1692f(1), as evidenced by the following conduct:

    a. Communicating with third-parties regarding an alleged debt owed by Plaintiff;

  b. Using false, deceptive and misleading conduct in connection with the collection of a debt;

  c. Falsely representing the amount, character or legal status of a debt;

  d. Falsely representing that nonpayment of a debt will result in garnishment and attachment of property;

  e. Falsely threatening to take legal action that cannot be taken;

  f. Using false representations or deceptive means in it attempts to collect a debt;

  g. Otherwise using unfair or unconscionable means to collect any debt; and

  h. Collecting any amount (including any interest, fee, charge or expense incidental to the principal obligation) which is not expressly authorized by an agreement creating the debt or permitted by law.

30. Defendants' acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

31. As a result of the above violations of the FDCPA, Defendants' are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

**COUNT TWO**
**VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT**

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Defendants are "collector[s]" as defined by M.D. Code, Commercial Law, § 14-201(b).

34. The underlying debt arose from a "consumer transaction" as defined by M.D. Code, Commercial Law §14-201(c).

35. Defendants violated M.D. Code, Commercial Law §§ 14-202(3), 14-202(5), 14-202(8), and 14-202(11) when they

   a. Disclosed information which affected Plaintiff's reputation for credit worthiness with knowledge that the information is false;

   b. Disclosed information to a third-party which affected Plaintiff's reputation for credit worthiness, with knowledge that the third-party did not have a legitimate business need for the information;

   c. Claimed, attempted to, and enforced a right with knowledge that the right did not exist; and

   d. Engaged in conduct that violated the FDCPA as described in Count One.

36. Defendants' acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

37. As a result of the above violations of the Maryland Consumer Debt Collection Act, Plaintiff has suffered significant damage entitling Plaintiff to an award of actual damages, including damages for emotional distress or mental anguish, and attorneys' fees and costs.

## COUNT THREE
## VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT
## MD. CODE ANN., COMM. LAW § 13-301

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. Defendants violated the Maryland Consumer Debt Collection Act, as set forth in Count Two.

40. Pursuant to Md. Code Ann., Comm. Law § 13-301(14)(iii), Defendants' violations of the MCDCA amount to a violation of the Maryland Consumer Protection Act.

41. Plaintiff suffered damages, including, but not limited to, loss of wages, loss of use of funds and emotional distress, and is entitled to actual damages and reasonable attorney's fees pursuant to § 13-408 from the Defendants herein.

## COUNT FOUR
## ABUSE OF PROCESS

42. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43. The Writs detailed above are "process" under Maryland Law.

44. Defendants used process against Plaintiff for improper purposes, and primarily to accomplish a purpose for which the process was not designed.

45. Defendants had actual knowledge that the Debt had been fully satisfied prior to issuance and service of the Writs.

46. Maryland law does not contemplate the use of writs of execution, wage garnishment, and bank levies as a means to collect on debts that have already been satisfied in full.

47. Despite this knowledge, Defendants sought, issued and served the Writs in an attempt to extort, deceive and harass Plaintiff into paying amounts not owed.

48. Defendants continued pursuit of executing on the fully satisfied Debt while having actual knowledge that the Debt was satisfied is further improper use and abuse of process directed at Plaintiff.

49. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

50. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, done with malice, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

51. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

## JURY TRIAL DEMANDED

52. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive damages;

    (d)    Costs and reasonable attorney's fees; and

    (e)    Such other and further relief as may be necessary, just and proper

*Remainder of page intentionally left blank*

Dated: December 19, 2018
Washington, DC

                                            Respectfully submitted,

BY:    */s/ Courtney L. Weiner*

Courtney L. Weiner (#19463)
Law Office of Courtney Weiner PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
PH: 202-827-9980
cw@courtneyweinerlaw.com

Joseph L. Gentilcore*
Francis & Mailman, P.C.
1600 Market Street, 25th Fl.
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
jgentilcore@consumerlawfirm.com
*Application for admission pro hac vice forthcoming*

*Attorneys for Plaintiff*